ADAM WANG (STATE BAR NUMBER 201233)
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 421-3403
Fax: (408) 292-1045

Attorney for Plaintiffs
Monica Rodriguez, Maria De Jesus R.R.,
Maria Aracely Lopes

Filed

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILING

ADR

EDL

# UNITED STATES DISTRICT COURT

## FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| MONICA RODRIGUEZ, MARIA DE JESUS R.R., MARIA ARACELY LOPES, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MT ZION ENTERPRISES INC., GONDOSINARYO LISTYO, AND DOES 1 TO 10<br><br>Defendants | Case No.: C07 06439<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:**<br>1). Violation of California Labor Code §1194;<br>2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code §226.7; 4). "Waiting Time" Penalties under California Labor Code §203; and 6). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiffs, Monica Rodriguez, Maria De Jesus R.R., Maria Aracely Lopes, on their own behalf and on behalf of others similarly situated, allege as follows:

**NATURE OF CLAIM**

1. This is a class action on behalf of putative members who had been employed on hourly rate basis by MT Zion Enterprises Inc. ("MT Zion") during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. On their own behalf and on behalf of other similarly situated others who fall with the relevant statutory periods, Plaintiffs seek compensatory damages for unpaid wages under California

1                                                              Case No.

CLASS ACTION COMPLAINT
Rodriguez, et al v. MT Zio Enterprises Inc., et al.

Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2. Plaintiffs bring this collective action on behalf of themselves and other hourly paid employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

## PARTIES

3. During the last for years, Plaintiffs were or are employed with Defendant MT Zion Enterprises Inc. in Richmond, California as house keepers for the hotel owned and operated by Defendants.

4. Defendant MT Zion Enterprises Inc. is a California corporation who owns and operates a Days Inn hotel in Richmond, California.

5. The individual Defendant Gondosinaryo Listyo, and Does 1 to 10, inclusive, according to information and belief, are the owners and officers or mangers of MT Zion Enterprises Inc., having control over the work conditions and situation of Plaintiffs and putative class member employees at the MT Zion.

## SUBJECT MATTER JURISDICTION AND VENUE

6. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

7. This Court is a proper venue, since all events giving rise to the claims of the named plaintiffs and the putative class members.

## SUBSTANTIVE ALLEGATIONS

8. Plaintiffs were employed on hourly rate by MT Zion for some period during last four years.

9. During last four years, Plaintiffs and other hourly paid employees worked over 8 hours a day and forty fours a week from time to time.

10. Plaintiffs and such other hourly rate employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

11. Within 72 hours of termination of Plaintiffs and other hourly rate employees, MT Zion willfully failed to pay them overtime owed, the amount of which was readily ascertainable at the time of termination.

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code Sections §510*

12. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-11 as if fully stated herein.

13. During last four years, Plaintiffs' employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

14. During their employment with the defendants, Plaintiffs regularly worked at MT Zion in excess of forty hours per week and in excess of eight hours per day. Plaintiffs received only straight time, or at some times nothing at all, from MT Zion for these overtime hours.

15. During last four years, MT Zion knowingly caused, suffered and permitted Plaintiffs to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half, or double of their regular rate of pay.

16. By not paying overtime wages in compliance with the state law, MT Zion violated Plaintiffs' rights under the law, specifically California Labor Code Section 1194.

17. As a direct and proximate result of MT Zion's failure to pay proper wages under the California Wage Orders, Plaintiffs incurred general damages in the form of lost overtime

3   Case No.

1  compensation in amounts to be proven at trial.

2      18.    Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs the overtime compensation due to them at the time their employment ended.

    19.    Plaintiffs were required to retain attorneys for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT TWO

*Violation of The Fair Labor Standards Ac,*

*29 U.S.C. Section 201, et seq.*

    20.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-19 as if fully stated herein.

    21.    At all relevant times herein, Plaintiffs and other hourly rate employees' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq.* and the Plaintiffs and other hurly rate employees were individual employees covered by FLSA because Plaintiff and other hourly rate employees' employment directly related to interstate travel instrumentality and MT Zion is an enterprise engaged in interstate commerce.

    22.    29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

    23.    Although Plaintiffs and other hurly rate employees were not so exempt during their employment with MT Zion, and although MT Zion and individual Defendants Gondosinaryo Listyo and Does 1 to 10 had been fully aware of both the hours worked and the duties assigned to the Plaintiffs and other hourly rate employees, MT Zion and individual Defendant Gondosinaryo Listyo and Does 1 to 10 knowingly caused, suffered, and permitted

Plaintiffs and other hourly rate employees to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

24.     By not paying overtime wages in compliance with FLSA, MT Zion and individual Defendants Gondosinaryo Listyo and Does 1 to 10 violated the right of Plaintiffs and other hourly rate employees under FLSA.

25.     As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other hourly rate employees incurred general damages in the form of lost overtime wages.

26.     MT Zion and individual Defendants Gondosinaryo Listyo and Does I to 10 intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other hourly rate employees their proper pay, and thus Defendants are liable to Plaintiffs and other hourly rate employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

27.     Plaintiffs were required to retain attorneys for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

28.     Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-27 as if fully restated hereinafter.

29.     At all relevant times herein, Plaintiffs' employment with MT Zion was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

30.     During Plaintiffs' employment with MT Zion, Plaintiffs worked at least 5 hours a day, and were not provided meal period as required by law.

31.    For each time that Plaintiffs were not provided the required meal period, Plaintiffs are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

32.    Plaintiffs are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendant MT Zion failed to provide.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

33.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-32 as if fully stated herein.

34.    Within 72 hours of the termination of Plaintiffs failed to pay them the wages owed ascertainable at the time of termination. Plaintiffs believe that during the last three years.

35.    Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

36.    As of this date these wages have not been paid to Plaintiffs, thus making MT Zion liable to Plaintiffs for penalties equal to 30 days wages in amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages*
*in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

37.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-36 as if fully stated herein.

38.    At all times relevant herein, the employment with MT Zion was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial

6                                              Case No.
CLASS ACTION COMPLAINT
Rodriguez, et al v. MT Zio Enterprises Inc., et al.

Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

39. During last four years, the employer of Plaintiffs, MT Zion and individual Defendant Gondosinaryo Listyo and Does 1 to 10 were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*), but failed to pay the Plaintiffs and overtime pay and premium pay for missed meal periods as required by FLSA, California Labor Code and applicable Wage Orders.

40. During the last four years, Defendants MT Zion and Gondosinaryo Listyo and Does 1 to 10 kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiffs.

41. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

42. As a direct and proximate result of Defendants' violations, the rights of the Plaintiffs under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

43. The Defendants MT Zion and Gondosinaryo Listyo and Does 1 to 10 had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

44. Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiffs herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award compensatory damages for unpaid overtime in amounts to be proven at trial to Plaintiffs;

2. Award liquidated damages equal to the overtime pay owed to Plaintiffs;

3. Award to Plaintiffs the meal period premium owed during last four years;

4. Award to Plaintiffs the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award the Plaintiffs the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

6. Award Plaintiffs the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7. Enter a permanent injunctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. Award Plaintiffs the costs of suit herein.

10. Grant such other and further relief as the Court may deem appropriate.

Dated: December 14, 2007

By: /s/ ADAM WANG
Attorney for Plaintiffs