ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiff

SCOTT T. SHIBAYAMA, ESQ.
Vision Law Corporation
1380 Lead Hill Blvd., Ste. 106
Roseville, CA 95661
Tel: (916) 780-1920
Fax: (916) 780-1921
scott@visionlaw.com

Attorney for Defendants

STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| MONICA RODRIGUEZ, MARIA DE JESUS R.R., MARIA ARACELY LOPES, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MT ZION ENTERPRISES INC., GONDOSINARYO LISTYO, AND DOES 1 TO 10<br><br>Defendants | Case No.: C07-06439 EDL<br><br>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

## 1.    **JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint.  There are no

1

**C07-6439 EDL**

existing issues regarding personal jurisdiction or venue.  There are no parties that remain to be served.

## 2.    FACTS

Defendant Mt Zion Enterprises Inc. owns and operates a Days Inn in Richmond, California.  Plaintiffs were employed by Mt Zion Enterprises Inc. during the period that fell in the four-year period prior to the filing of his Complaint.  In this action, Plaintiffs seek overtime and other wage and hour claims against Defendants under both federal and California law.

The principal factual issues in dispute are:

**a.**    Whether and to what extent Plaintiffs have not been paid overtime to which they are entitled;

**b.**    Whether and to what extent Plaintiffs were required to work through their meal periods but were not paid a penalty under California Labor Code section 226.7;

**c.**    Whether and to what extent Plaintiffs failed to follow reasonable instructions of their employer with respect to time keeping and meal period requirements and procedures;

**d.**    Whether individual Defendant Gondosinaryo Listyo was the employer of any of the plaintiffs;

**e.**    Whether Defendant Mt. Zion Enterprises, Inc. was the employer of any of the unnamed class members prior to December 7, 2006;

**f.**    Whether the representative plaintiffs are adequate representatives of the class;

**g.**    Whether the purported class is sufficiently numerous to proceed as a class action;

**h.**    Whether the claims of the representative plaintiffs are common to the claims of the purported class; and

**i.**    Whether the claims of the representative plaintiffs are typical of the claims of the purported class.

## 3.    LEGAL ISSUES

Plaintiff asserts that Defendants failed to pay them overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C.

C07-6439 EDL

§§ 201 *et seq.*  Plaintiff further alleges that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest periods to Plaintiffs.  Plaintiff further alleges that Defendants failed to pay Plaintiff's his wages upon termination in violation of California Labor Code § 201.  Finally, Plaintiff seeks restitution of overtime wages in accordance with California Business & Professions Code § 17200.

Defendant contends the following legal issues exist:

a.   Whether individual Defendant Gondosinaryo Listyo was the employer of any of the plaintiffs;

b.   Whether Defendant Mt. Zion Enterprises can be held legally liable for working conditions that existed prior to its purchase of the business and its first day as the owner of the business on December 7, 2006;

c.   Whether Defendant Mt. Zion was permitted to implement rounding practices for overtime purposes.

4.   **MOTIONS**

The parties anticipate filing of the following motions:

a.   Plaintiff's Motion to certify class;

b.   Plaintiff's Motion for Summary Judgment or Summary Adjudication;

c.   Defendants' Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants or other motions as appropriate;

d.   Plaintiff's Motion for Attorney's Fees.

5.   **AMENDMENT OF PLEADINGS**

Plaintiffs have obtained clearance from California Labor and Workforce Development Agency to file claims under Labor Code Private Attorney General's Act to seek civil penalties.  Parties are currently exploring possible settlement.  Plaintiffs' counsel is aware of other individuals who wish to join and be named in the action.  If parties are unable to resolve the case, Plaintiffs will seek to amend the complaint to allege PAGA claims and other named plaintiffs.

**6.    EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence, and Defendants have taken steps to do.

**7.    DISCLOSURES**

The parties agree to make initial disclosures by April 30, 2008.  Defendants' early disclosures shall pertain only to issues relevant to class certification determination.

**8.    DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**9.    CLASS ACTIONS**

The parties are in settlement discussions to see if the case can be resolved on an individual basis.  If that happens, Plaintiffs intend to dismiss the case and class allegations. Otherwise Plaintiffs will move for class certification by the deadline below.

**10.    RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    RELIEF**

Plaintiff has no sufficient record or information to accurately calculate damages sustained.

**12.    SETTLEMENT AND ADR**

The parties agree to participate in court sponsored mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties have field their consent to proceed before a magistrate judge for the all further proceedings.

**14.    OTHER REFERENCES**

The parties agree that that this case is not suitable for a binding arbitration and do not agree on any other reference.

C07-6439 EDL

1    **15.    NARROWING OF ISSUES**

2        Parties do not expect narrowing of issues would be possible.

3    **16.    EXPEDITED SCHEDULE**

4        Parties do not believe this case is suitable for an expedited schedule.

5    **17.    SCHEDULING**

6        The parties submit the following schedule to this Court in relation to discovery, motions,

7    designation of experts, and pretrial conference and trial:

8        a.  Discovery cutoff as to class certification issues on September 30, 2008

9        b.  Class certification hearing deadline December 16, 2008;

10       c.  Discovery cutoff on all other non-class certification issues February 28, 2009:

11       d.  Last day to hear dispositive motions on April 21, 2009;

12       e.  Expert reports March 31, 2009;

13       f.  Expert rebuttal reports April 30, 2009;

14       g.  Expert Discovery Cutoff May 31, 2009;

15       h.  Trial:  July 20, 2009.

**18.    TRIAL**

16       Plaintiffs have requested a jury trial.  The parties estimates length of trial is 10 court days.

17   **19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

18       Parties have no one to report other than parties themselves.

19   **20.    OTHER MATTERS**

20       None.

21   DATED:  April 8, 2008        By: /s/ Adam Wang

22                                    ADAM WANG
                                     Attorney for Plaintiffs

23

24   DATED:  April 8, 2008        By: _____

25                                    SCOTT T. SHIBAYAMA
                                     Attorney for Defendants

1

2                           CASE MANAGEMENT ORDER

3          The Case Management Statement and Proposed Order are hereby adopted by the Court as

4    the Case Management Order for the case and the parties are so ordered to comply with this

5    Order.  In addition, the Court orders:

6

7

8

9

10

11

12

13

14        IT IS SO ORDERED
                                    By: _____
15   DATED:  April 8, 2008              UNITED STATES DISTRICT/MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

**C07-6439 EDL**

JOINT CASE MANAGEMENT STATEMENT
Rodriguez  v.  Mt Zion Enterprises Inc. et al.